UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R.,<br><br>                    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No.: 20cv2431-LL<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING ON JOINT MOTION FOR ATTORNEY'S FEES AND EXPENSES** |

On August 16, 2021, the Court issued an order granting the parties' joint motion for voluntary remand of this action, and the Clerk of Court subsequently entered final judgment in favor of Plaintiff and against Defendant. ECF Nos. 14, 15. On November 4, 2021, the parties jointly moved the Court to award Plaintiff $5,000 in attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and $402 in costs pursuant to 28 U.S.C. § 1920. ECF No. 16.

Section 2412(d) includes the following:

> A party seeking an award of fees and other expenses **shall**, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege

that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B) (emphasis added). Additionally, Section 2412(d)(2)(A) states:

"[F]ees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

28 U.S.C. § 2412(d)(2)(A).

The Court is unable to make a proper determination pursuant to the EAJA without additional information. In the case of a stipulation for fees, this Court has found that Plaintiff must provide either an itemized statement stating the actual time expended and the rate at which fees and other expenses were computed, or a declaration of each individual's title and rate and each individual's total hours expended. <u>Bradley V. v. Kijakazi</u>, No. 20cv1547-LL, 2021 WL 4554108, at *3 (S.D. Cal. Oct. 4, 2021). Accordingly, the Court orders Plaintiff to submit supplemental briefing with the above information by **December 9, 2021**.

**IT IS SO ORDERED.**

Dated: November 18, 2021

Honorable Linda Lopez
United States Magistrate Judge