UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHAEL R.,<br><br>                              Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                              Defendant. | Case No.: 20cv2431-KSC<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) FOLLOWING REMAND AND AWARD OF BENEFITS  [Doc. No. 23]** |

Before the Court is a Motion for Attorney's Fees filed pursuant to Title 42, United States Code, Section 406(b), seeking an award of fees for representing plaintiff in connection with an application for Social Security disability benefits which lead, on remand, to a decision in plaintiff's favor and an award of past due benefits. [Doc. No. 23.] Plaintiff was served with the Motion and given the opportunity to oppose but did not do so. [Doc. No. 23, at pp. 2, 24.]  At the Court's request, defendant filed a Response to plaintiff's Motion and does not oppose the request for fees. [Doc. No. 24.]  However, the Court notes that the Social Security Administration "has no direct interest in how much of the award goes to counsel and how much to the disabled person." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009).  For the reasons outlined more fully below, the Court finds

that the Motion for Attorney Fees filed by plaintiff's counsel must be GRANTED. [Doc. No. 23.]

## Background

Plaintiff filed an application for disability benefits on January 24, 2019. [Doc. No. 8-5, at pp. 2-3.] Plaintiff's claim for disability benefits was denied at the highest administrative level on October 15, 2020. [Doc. No. 8-2, at pp. 2-4.] On November 17, 2020, plaintiff entered into a representation agreement with the Law Offices of Lawrence D. Rohlfing, which filed the instant Motion. [Doc. No. 23-1, at p. 1.] On December 14, 2020, plaintiff filed a Complaint in this Court seeking judicial review of the final decision of the Commissioner. [Doc. No. 1.]

On July 22, 2021, plaintiff's counsel filed a Motion for Summary Judgment. [Doc. No. 12.] Shortly thereafter, on August 3, 2021, the parties filed a Joint Motion for Remand [Doc. No. 13], which was granted in an Order filed on August 16, 2021. [Doc. No. 14]. Thereafter, plaintiff filed a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act (the "EAJA"). [Doc. No. 16.] In an Order filed on March 16, 2022, plaintiff's Motion was granted, and plaintiff's counsel was awarded EAJA fees of $5,000.00. [Doc. No. 22.]

On remand, an Administrative Law Judge reviewed the evidence and issued a "fully favorable" decision. [Doc. No. 23-2.] Plaintiff's past-due benefits were calculated to be $104,178.10. [Doc. No. 23-3, at pp. 1-2.] Plaintiff's counsel now moves for approval of an award of attorney's fees in the amount of $20,000, offset by the $5,000.00 awarded pursuant to the EAJA. [Doc. No. 23, at p. 1.]

## Discussion

Section 406(b)(1) provides that a Federal Court that "renders judgment favorable to a claimant . . . who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). Because attorney's fees are "payable only out of the benefits

recovered," Section 406(b) provides for court review "as an independent check, to assure that [fee arrangements] yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 807 (2002). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Contingent fee contracts "are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht v. Barnhart*, 535 U.S. at 800. According to the Supreme Court in *Gisbrecht*, Section 406(b) is designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Id.* at 793, 807. Because the underlying decisions at issue in *Gisbrecht* were based on "lodestar calculations" and had rejected "the primacy of lawful attorney-client fee agreements," the Supreme Court reversed and remanded the cases for recalculation of fees payable from past-due benefits.[1]  *Id.* at 793.

To determine whether attorney's fees are reasonable, the Supreme Court directed courts to "look[] first to the contingent-fee agreement" to assess the reasonableness of its terms and to then consider "the character of the representation" and "the results the representative achieved." *Gisbrecht v. Barnhart*, 535 U.S. at 808. "If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.*  If the

---

[1]  The lodestar method calculates the attorney's fee by multiplying the hours reasonably spent on the representation by a reasonable hourly rate. *Gisbrecht* v. *Barnhart*, 535 U.S. at 797. According to the Ninth Circuit in *Crawford v. Astrue*, 586 F.3d at 1142, "[t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security disability] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of [social security disability] claimants who need counsel to recover any past-due benefits at all." *Id.* at 1149.

benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment may be in order. *Id. See also Crawford v. Astrue*, 586 F.3d at 1151.

Additionally, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht v. Barnhart*, 535 U.S. at 808. In other words, the lodestar calculation may be considered "but *only as an aid* in assessing the reasonableness of the fee." *Crawford v. Astrue*, 586 F.3d at 1151.

Finally, "'Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.' Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186. 'Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits.' [Citation omitted.]" *Gisbrecht v. Barnhart*, 535 U.S. at 796.

Here, the amount of past due benefits awarded is $104,178.10.[2] [Doc. No. 23-3, at pp. 1-2.] The representation agreement signed by plaintiff and counsel provides for counsel to be paid "25% of past due benefits." [Doc. No. 23-1, at p. 1.] Counsel seeks approval of a fee in the amount of $20,000, or approximately 19 percent, which is less than the agreed-upon amount of 25 percent. [Doc. No. 23, at p. 6.]

---

[2]   In a letter dated October 6, 2020, plaintiff was advised by the Social Security Administration that he would receive a check in the amount of $78,133.57 for past due benefits and that 25 percent of his past due benefits in the amount of $26,044.53 were withheld "in case we need to pay your lawyer." [Doc. No. 23-3, at pp. 1-2.] Thus, the full amount of past due benefits is $78,133.57 plus $26,044.53, which is $104,178.10. [Doc. No. 23-3, at pp. 1-2.]

      Based on the information before the Court, there is nothing to indicate the requested fee amount should be reduced for substandard performance or undue delay. Counsel met the deadlines in the case. As directed by the Court's briefing Order, plaintiff's counsel conferred with defense counsel and then filed a timely Status Report. [Doc. Nos. 9-11.] Plaintiff's counsel then filed a timely Motion for Summary Judgment on plaintiff's behalf. Shortly thereafter, defendant's counsel agreed to settle the case without further briefing, so the parties filed a Joint Motion for Remand. Despite the opportunity to do so, plaintiff has not opposed the Motion. Although the issues in the case were not particularly complex, a favorable result was not a certainty when counsel agreed to work on the case. As the 9th Circuit acknowledged in *Crawford v. Astrue*, 586 F.3d at 1142, attorneys for disability claimants "assume significant risk in accepting these cases, including the risk that no benefits would be awarded . . . ." *Id.* at 1152. Even in successful cases such as this, where the plaintiff is ultimately awarded past due benefits following a remand, counsel may have to "wait[] a long, long time for payment." *Id.* Here, counsel's work on the case was completed in July of 2021 and past due benefits were not awarded until October 2022. Thus, all of these factors weigh in favor of counsel's fee request.

      In support of the Motion, counsel submitted detailed billing records, which indicate that a total of 25.1 hours of attorney and paralegal time was spent on the case. [Doc. No. 23-4, at pp. 1-2.] All of the time entries appear reasonable based on Court's knowledge of the work that would have been necessary under the circumstances of the case. Dividing the requested fees by the number of hours expended results in an effective hourly rate of $796.80, which falls within the range of hourly rates charged by attorneys in other matters based on the Court's own observations and according to the information provided by counsel in support of the Motion (*i.e.*, Exhibits 5-13). *See, e.g., Marquita Marie Q. v. Kijakazi*, Case No. 19cv128-KSC, 2022 WL 1138210, at 4 (S.D. Cal. Apr. 18, 2022), and cases cited therein.

/ / /

   As mentioned above, plaintiff's counsel was previously awarded EAJA fees of $5,000.00.  "[A]n EAJA award offsets an award under Section 406(b)." *Gisbrecht v. Barnhart*, 535 U.S. at 796.  *See also Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012) ("in order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, [the claimant's counsel must] offset any fees received under § 406(b) with any award that the attorney receives under § 2412 if the two were for the 'same work'").  Accordingly, plaintiff's counsel must refund plaintiff the amount of the EAJA fees counsel was previously awarded in this action.

## *Conclusion*

   Based on the foregoing, plaintiff's Motion for Attorney's Fees pursuant to Title 42, United States Code, Section 406(b) is GRANTED in favor of plaintiff's counsel at the Law Offices of Lawrence D. Rohlfing Inc.  [Doc. No. 23.]  The Court finds that the request of plaintiff's counsel for an award of fees in the amount of $20,000 is reasonable under the circumstances presented.  However, plaintiff's counsel is ordered to refund plaintiff for the EAJA fees previously awarded and received in this case in the amount of $5,000.00.

   IT IS SO ORDERED.

Dated: January 18, 2023

Hon. Karen S. Crawford
United States Magistrate Judge